IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QVC, INC., <br><br> Plaintiff, <br><br> v. <br><br> RESULTLY, LLC, <br><br> Defendant. | Civil Action No.: _____ <br><br> **JURY TRIAL DEMANDED** <br><br> **COMPLAINT** |

Plaintiff, QVC, Inc. ("QVC"), by and through its attorneys, and for its complaint against Defendant, Resultly, LLC ("Resultly"), states:

## INTRODUCTION

1. On or about May 9 through May 11, 2014, a principal of Defendant Resultly or an employee of Resultly under the control and direction of Resultly transmitted computer code in the form of a web crawling program ("Program") that excessively crawled QVC's retail website www.qvc.com, causing the Program to overload QVC's website and network.

2. QVC uses its retail website to sell products to its customers. QVC customers browse and purchase QVC products through QVC's website and QVC obtains a substantial amount of its business through its website sales.

3. As a result of Defendant Resultly's transmission of its Program, QVC's website was unable to function normally and QVC was unable to serve its customers, which resulted in substantial lost sales.

4. QVC seeks to recover damages from Defendant Resultly for knowingly causing the transmission of its Program and intentionally or negligently causing damage, without authorization, to QVC's website and network.

## THE PARTIES

5. QVC is a video and ecommerce retailer that offers a variety of products to millions of customers each day through broadcast, Internet, and mobile sales platforms.

6. QVC is a Delaware Corporation with its principal place of business at 1200 Wilson Drive, West Chester, Pennsylvania 19380.

7. Defendant, Resultly, LLC, is an Illinois Limited Liability Company that operates an online shopping application that utilizes a web crawling program to continuously crawl Internet shopping websites for the real-time prices of the websites' products.

8. Resultly, LLC has its principal place of business at 350 East Dundee Road, Suite 200, Wheeling, Illinois 60090.

## JURISDICTION AND VENUE

9. By knowingly causing the transmission of its Program to QVC's website and intentionally causing damage by overloading QVC's website and network, without authorization, Defendant Resultly violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(5)(A).  QVC may pursue its claims against Defendant Resultly pursuant to 18 U.S.C. 1030(g).

10. Defendant Resultly caused and will cause QVC damages by overloading QVC's website and network with its Program and preventing customers from accessing QVC's website; and by forcing QVC to regain control of its website and network and prevent further transmission of the Program.

11. This Court has jurisdiction regarding QVC's claims pursuant to 28 U.S.C. § 1331.

12. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332. This is an action between citizens of different states. QVC seeks actual and compensatory damages with a present monetary value, exclusive of costs and interest, well in excess of $75,000. There exists complete diversity of citizenship. This Court has supplemental jurisdiction over QVC's state-law claims pursuant to 28 U.S.C. § 1367 because they are related to QVC's CFAA claim and are part of the same case or controversy.

13. Venue is proper in this District because a substantial part of the events giving rise to QVC's claims occurred in this District when Defendant Resultly transmitted its Program to QVC's website and intentionally caused damage by overloading QVC's website and network.

**FACTS**

14. On or about May 9 through May 11, 2014, Resultly transmitted its Program, a web crawling program, to crawl QVC's retail website at an excessive rate, which had the effect of causing a denial of service attack on QVC's website.

15. Defendant Resultly configured its Program in a way that prevented QVC from identifying the Program as a web crawler, and instead disguised the Program as individual users using and sending search requests to QVC's website.

16. Defendant Resultly also configured its Program to cause several different Internet Protocol ("IP") addresses to be shown as the Program's source when network technicians attempted to trace the source of the Program, as opposed to the actual IP address from which the Program requests originated. This configuration helped obscure that the Program's search requests were coming from a web crawling program as opposed to individual users.

17. The Program sent search requests on QVC's website at rates ranging from 200-300 requests per minute to up to 36,000 requests per minute, which overloaded QVC's website and prevented QVC from being able to serve its customers. The rates of search requests from typical search engines are significantly less than the rates of request that Defendant's Program made on QVC's website.

18. Because Defendant Resultly designed its Program to avoid detection—by disguising it to appear to be individual users and by masking its source IP address—QVC's technicians were unable to quickly identify the source of the excessive requests and timely resolve the problem.

19. The Program's excessive requests overloaded QVC's website and network, and customers who attempted to view QVC's website were unable to do so. QVC was unable to serve these customers for many hours, which resulted in lost sales for QVC. The Program's excessive requests affected one or more protected computers and QVC's losses in a one-year period exceeded $5,000.

20. QVC seeks to recover damages from Defendant Resultly for knowingly causing the transmission of its Program and intentionally or negligently causing damages by overloading QVC's website and network without authorization.

**FIRST CLAIM FOR RELIEF**

**Violation of the CFAA, 18 U.S.C. § 1030(a)(5)(A)**

21. QVC incorporates the allegations set forth in paragraphs 1 through 20 of the Complaint as if fully rewritten herein.

22. On or about May 9 through May 11, 2014, Defendant Resultly violated the CFAA when it knowingly transmitted its web crawling Program to QVC's website and intentionally

caused damage by disguising its web crawler as individual online users, disguising its source IP address, and sending excessive requests to overload QVC's website and network.

23.     As a direct result of Resultly's violation of the CFAA, QVC has sustained damages in a sum to be proven at trial.

## SECOND CLAIM FOR RELIEF

### Breach of QVC's Terms and Conditions

24.     QVC incorporates the allegations set forth in paragraphs 1 through 23 of the Complaint as if fully restated in this paragraph.

25.     Resultly entered into a valid contract with QVC by using QVC's website www.qvc.com in acceptance of its Terms and Conditions.

26.     The Terms and Conditions state in part that:

> "You may view and use the Content **only for your personal information** and **for shopping and ordering** on or through the QVC Services, and **for no other purpose**, and you shall retain intact all copyright and other proprietary notices." (emphasis added)

A true and correct copy of the Terms and Conditions are attached hereto as Exhibit "A".

27.     The Terms and Conditions also provide, "Any use of the Content, except as specifically permitted in these Terms or as otherwise expressly permitted in the Content or in a writing signed by QVC, is strictly prohibited."

28.     QVC has performed all of the conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the contract.

29.     Resultly has repeatedly breached the contract by fraudulently using QVC's website for the commercial purpose of crawling the prices of QVC's products on QVC's website with its Program.

30. As a direct result of Resultly's breaches, QVC has sustained general and special damages in a sum to be proven at trial.

31. QVC has suffered and will continue to suffer losses and irreparable injury due to Defendant Resultly's breaches. Unless restrained and enjoined, Resultly will continue to commit such acts and use the ill-gotten gains to its pecuniary advantage and to QVC's detriment. QVC's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling QVC to remedies including injunctive relief.

### THIRD CLAIM FOR RELIEF

#### Unjust Enrichment

32. QVC incorporates the allegations set forth in paragraphs 1 through 31 of the Complaint as if fully restated in this paragraph.

33. Through their unauthorized use of the Program on QVC's website, Resultly received a benefit from QVC to which Resultly was not entitled.

34. Resultly has improperly, and without consent, continued to retain those benefits at the expense of QVC. It would be inequitable and unjust for Resultly to retain any value it obtained as a result of its wrongful conduct.

35. As a direct and proximate result of Resultly's unjust enrichment, QVC has suffered substantial damages.

36. QVC is entitled to full restitution of all amounts in which Resultly has been unjustly enriched at QVC's expense.

### FOURTH CLAIM FOR RELIEF

#### Tortious Interference with Prospective Economic Advantage

37.     QVC incorporates the allegations set forth in paragraphs 1 through 36 of the Complaint as if fully restated in this paragraph.

38.     As described above, QVC services its customers through QVC's website and sells its products through its website.  QVC also obtains a substantial amount of its business through its website sales.

39.     QVC has a reasonable expectation of prospective contractual relationships with the customers who visit QVC's website and purchase products.

40.     Resultly purposefully and intentionally prevented QVC from servicing and providing products to its customers when Resultly transmitted its Program and overloaded QVC's website and network by disguising its web crawling Program as individual online users, disguising its source IP address, and sending excessive requests.

41.     Resultly's transmission of its Program had no legitimate purpose or justification.

42.     As a direct and proximate result of Resultly's interference, QVC's sales from its website declined significantly and QVC suffered substantial damages.

43.     Unless Defendant Resultly is restrained by appropriate injunctive relief, Resultly's actions are likely to recur and will cause QVC irreparable injury for which there is no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Conversion

44.     QVC incorporates the allegations set forth in paragraphs 1 through 43 of the Complaint as if fully restated in this paragraph.

45.     At all times, QVC has retained all right, title, and interest in its website, www.qvc.com, and its network.

46. Resultly knowingly, dishonestly, and intentionally interfered with QVC's ability to use its website to service and provide products to its customers when Resultly transmitted its Program and overloaded QVC's website and network by disguising its web crawling Program as individual online users, disguising its source IP address, and sending excessive requests.

47. Resultly transmitted its Program without consent from QVC and without a lawful justification.

48. As a direct and proximate result of Resultly's conversion, QVC has suffered substantial damages.

49. Defendant Resultly's interference with QVC's ability to use its website to service and provide products to QVC's customers when Resultly transmitted its Program and overloaded QVC's website and network has caused QVC irreparable injury. Unless restrained and enjoined, Resultly will continue to commit such acts and use the ill-gotten gains to its pecuniary advantage and to QVC's detriment. QVC's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling QVC to remedies including injunctive relief.

## SIXTH CLAIM FOR RELIEF

### Negligence

50. QVC incorporates the allegations set forth in paragraphs 1 through 49 of the Complaint as if fully restated in this paragraph.

51. QVC pleads in the alternative that, at all times relevant to this matter, Resultly knew or should have known that a failure to properly transmit its Program could overload QVC's website and cause the QVC website to cease normal function, thereby rendering QVC unable to serve its customers through the website.

52. Resultly failed to exercise due care and negligently configured its Program to send excessive requests for service that interfered with QVC's ability to use its website to service and provide products to its customers.

53. As a direct and proximate result of Resultly's negligence, QVC has suffered substantial damages.

54. Defendant Resultly's negligence prevented QVC from using its website to service and provide products to QVC's customers and has caused QVC substantial injury, entitling QVC to compensatory damages.

### RELIEF REQUESTED

WHEREFORE, QVC asks the Court to enter judgment:

(a) awarding QVC a permanent injunction restraining Defendant Resultly, its officers, agents, servants, and employees, and those in active concert or participation with any of them from further transmitting its Program to QVC's website and network, disguising its web crawling Program as individual online users, disguising its source IP address, and sending excessive requests to QVC's website;

(b) awarding QVC damages in the amount proven at trial for defendant Resultly's violation of the CFAA;

(c) awarding QVC its attorneys' fees and costs; and

(d) awarding QVC damages, restitution, interest, and costs on QVC's state-law claims; and

(e) awarding such additional relief that the Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, QVC hereby demands a jury trial on all issues so triable.

Dated: November 24, 2014

_____
Chad Rutkowski, PA Bar No. 79860
Baker & Hostetler LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
Tel: 215-564-3100
Fax: 215-568-3439
crutkowski@bakerlaw.com

Randal L. Gainer, *pro hac vice* pending
Washington State Bar Ass'n No. 11823
Baker & Hostetler LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040

*Attorneys for Plaintiff QVC, Inc.*